UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RUSTY ALLEN BEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00942-SEB-MJD |
| | ) | |
| OJO, | ) | |
| BERLINE JEAN JULIEN, | ) | |
| RUBEN ROSCHE-FLORES, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Rusty Beeler alleges that Defendants Ojo, Julien, and Rosche-Flores violated the Eighth Amendment by failing to provide proper care for his medical conditions and interfering with his ability to obtain proper care. Dkt. 23. He also alleges that Defendant Ojo violated his constitutional right to privacy by having an assistant warden on Zoom during one of his medical appointments. *Id.* Defendants move for summary judgment, arguing that Mr. Beeler failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [64], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE.**

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir.

2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Beeler failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see also* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Beeler was incarcerated at Plainfield Correctional Facility ("Plainfield"), a prison within the Indiana Department of Correction ("IDOC"). The IDOC has a standardized grievance process which was in place during the time Mr.

Beeler alleges his rights were violated. Dkt. 65-1 at 1. Inmates are told about the process during their orientation at Plainfield, and a copy of the policy is available to inmates at the Plainfield law library or on request. *Id.* at 3.

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process is the IDOC policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies. *Id.* at 6–20. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 8. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.* at 2.

Before he filed this lawsuit, Mr. Beeler submitted four grievances while incarcerated at Plainfield. *Id.* at 4, 21. None relate to the allegations he makes in this lawsuit. *See id.* at 23 (Grievance 21-134905, alleging that Officer Powell threatened Mr. Beeler and put him in segregation for no reason), 29 (Grievance 22-142355, alleging that Mr. Beeler was denied cleaning supplies to clean up water from overflowing toilet or leaking pipes behind the wall), 34 (Grievance 142682, alleging that Sergeant Askew discriminated against Mr. Beeler on the basis of his race by handcuffing him for no reason while he was waiting in line to receive medication), 38 (Grievance 147682, alleging that Mr. Hartzell was interfering with Mr. Beeler's ability to appeal certain disciplinary sanctions). He also filed six grievances after he filed the complaint in this lawsuit. *Id.* at 4, 21.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to

all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "Because exhaustion is an affirmative defense," Defendants must show that "an administrative remedy was available and that [Mr. Beeler] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Defendants have met their burden of proving that Mr. Beeler "had available [administrative] remedies that he did not utilize" before filing suit. *Dale*, 376 F.3d at 656. The undisputed evidence shows that Mr. Beeler was aware of the grievance process and that he failed to file any grievances about the events at issue in this lawsuit before he filed his complaint. Further, Mr. Beeler has not responded to Defendants' motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Defendants.

In short, Mr. Beeler did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

4

## IV. Conclusion

For the above reasons, Defendants' unopposed motion for summary judgment, dkt. [64], is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 2/5/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RUSTY ALLEN BEELER
208518
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Laura K. Binford
RILEY BENNETT EGLOFF LLP
lbinford@rbelaw.com

Beau Browning
Riley Bennett Egloff LLP
bbrowning@rbelaw.com